IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL VARELA**,

    Petitioner,

v.

**BRANDON KELLY**,

    Respondent.

Case No. 6:20-cv-1894-YY

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation (F&R) in this case on June 13, 2022. Judge You recommended that this Court deny Petitioner's Petition for Writ of Habeas Corpus (Petition), brought under 28 U.S.C. § 2254.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has

PAGE 1 – ORDER

objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner Michael Varela (Varela) timely filed an objection.[1] Varela argues that the federal district court lacks subject matter jurisdiction to dismiss his Petition as untimely. Varela also asserts that he did not commit the crimes to which he pled guilty. Varela's other arguments, like ineffective assistance of counsel, are without merit.

The Court has reviewed *de novo* those portions of the F&R to which Varela has objected, as well as Varela's objections and Respondent's response. The Court agrees with the reasoning in the F&R that Varela's Petition is untimely, he is not entitled to equitable tolling for this

---

[1] Varela filed a document docketed as Objections to Findings & Recommendation on November 4, 2022. ECF 55. Varela then filed a document titled Motion for Summary Judgment on November 15, 2022. ECF 56. The former appears by its contents and formatting to be the final few pages of the latter, which raises arguments in response to the F&R. A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court thus construes Varela's two filings together as his objection to the Findings and Recommendation.

Petition, and he did not provide any "new reliable evidence" that Varela is "actually innocent," *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The Court adopts those portions of the F&R.

For those portions of Judge You's F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge You's Findings and Recommendation (ECF 43). The Court DENIES Varela's Petition for Writ of Habeas Corpus (ECF 1) as untimely. The Court declines to issue a Certificate of Appealability on the basis that Varela has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge